## Jefferys v. Keenan Motors, Inc.

312

*David C. Toomey*, for plaintiff.
*Spencer Ervin, Jr.*, for defendant.

REIMEL, P. J., July 7, 1966.—This matter comes before the court as preliminary objections by Mercedes-Benz of North America, Inc. (MBNA) and Daimler-Benz of North America, Inc. (DBNA) to plaintiff's complaints in assumpsit and trespass. Both corporations are foreign corporations, being incorporated in Delaware, and are not registered to do business in Pennsylvania. Substituted service of process on MBNA and DBNA was achieved by service on the Secretary of the Commonwealth of Pennsylvania under the Act of May 5, 1933, P. L. 364, art. X, sec. 1011, as amended by the Act of August 13, 1963, P. L. 703, sec. 1, 15 PS §2852—1011B. (1965 Supp.). The two foreign corporations contend that such service was invalid because they are not "doing business" in Pennsylvania, as that term is defined by the Act of November 10, 1959, P. L. 1406, sec. 1, as amended by the Act of August 13, 1963, P. L. 703, sec. 2, 15 PS §2852—1011C. (1965 Supp.), and are not subject to the jurisdiction of the Pennsylvania courts.

The record before the court consists of the deposition of the president of Keenan Motors, dealer-defendant in this case with accompanying exhibits of contracts between MBNA and Keenan. His oral deposition was taken by counsel for plaintiff. There is also the answer to plaintiff's written interrogatories by DBNA.

The cause of action arises out of an automobile accident occurring on July 11, 1964. Plaintiff had bought a new Mercedes-Benz 230 SL auto approximately three months before from Keenan Motors, Inc. of Philadelphia (Keenan), an authorized Mercedes-Benz dealer. Plaintiff alleges that Keenan was negligent in its inspection of the car and breached its express and implied warrants of merchantability and fitness for a particular purpose. Plaintiff alleges that MBNA and DBNA were negligent in their manufacture and inspection of the car in question, and that they breached their express warranties and implied warranties of merchantability and fitness for a particular purpose.

Section 1011C. of the Business Corporation Law, supra, provides the statutory guidelines for the determination of "doing business" in the Commonwealth:

"For the purposes of determining jurisdictions of courts within this Commonwealth, the entry of any corporation into this Commonwealth for the doing of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose, with the intention of thereby initiating a series of such acts, shall constitute 'doing business'": Act of November 10, 1959, P. L. 1406, sec. 1, as amended by the Act of August 13, 1963, P. L. 703, sec. 2, 15 PS §2852—1011C.

The initial question is to determine whether or not MBNA and DBNA have made an "entry into Pennsylvania": Swavely v. Vandegrift, 397 Pa. 281 (1959).

The crucial question is whether the dealer agree-

ment between MBNA and Keenan controls Keenan to the extent that would constitute Keenan an agent of MBNA. Paragraph three of the agreement disclaims the agency of the dealer, but the succeeding paragraphs set forth a list of requirements that limit the independent control of Keenan. In addition to promoting the best interests of Mercedes-Benz and supplying MBNA with sales and inventory reports, Keenan is required to maintain a certain capital structure or position—an adequate cash position, working capital, net worth, and line of credit determined exclusively by MBNA. Keenan is also required to follow MBNA accounting practices. In the area of sales and service, Keenan is required to achieve a certain sales quota, maintain a prescribed number of men in sales and service on Mercedes-Benz cars, and send some of the servicemen to a MBNA school. The agreement also permits MBNA to suggest the salary scale for the salesmen. Keenan must purchase MBNA tools for its service department, and the price of MBNA parts and service are fixed by MBNA. Sales and services representatives of MBNA visit Keenan to advise Keenan employes and to make sure Keenan is following the directives of the dealer agreement. There is, in addition to the general provisions of the dealer agreement, a dealer operating requirements agreement, which sets out with more specificity the requirements of the general provisions.

Agents of MBNA personally contact Keenan weekly, or more often, to see that he is fulfilling his requirements and to aid him in the promotion and sale of Mercedes-Benz cars. In the court's opinion, this is an "entry" into the Commonwealth "for the doing of a series of similar acts for the purpose of thereby realizing pecuniary benefit . . ." As to DBNA, there is evidence that Keenan has no contract or anything to do with this corporation.

This court, therefore, enters the following:

ORDER

And now, July 7, 1966, the preliminary objections filed by Mercedes-Benz of North America, Inc. are dismissed and the preliminary objections filed by Daimler-Benz of North America, Inc. are sustained.